# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 12, 2022

Lyle W. Cayce
Clerk

No. 19-60327

F ABIAN  R ICO  O LVERA, *also known as* F ABIAN  R ICO-O LVERA,

*Petitioner*,

*versus*

M ERRICK  G ARLAND, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A201 066 848

ON REMAND FROM
THE SUPREME COURT OF THE UNITED STATES

Before W IENER, H AYNES, and C OSTA, *Circuit Judges*.

P ER  C URIAM:*

In 2020, we denied Petitioner Fabian Rico Olvera's petition for review of an order of the Board of Immigration Appeals ("BIA") denying his

---

* Pursuant to 5 TH  C IRCUIT  R ULE  47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5 TH  C IRCUIT  R ULE  47.5.4.

motion to reopen his removal proceedings. *Rico Olvera v. Barr*, 802 F. App'x 862, 863 (5th Cir. 2020), *cert. granted, judgment vacated sub nom. Olvera v. Garland*, 141 S. Ct. 2591 (2021). We based that denial on an earlier denial of a similar petition in *Yanez-Pena v. Barr*, 952 F.3d 239, 241 (5th Cir. 2020), *cert. granted, judgment vacated sub nom. Yanez-Pena v. Garland*, 209 L. Ed. 2d 727 (2021). *See Rico Olvera*, 802 F. App'x at 863.

In *Yanez-Pena*, we concluded that, as a matter of first impression, "(1) the information statutorily required to be contained in" a Notice to Appear ("NTA") "may be supplied in more than one document," and (2) the stop-time rule, which halts the period of physical presence required for eligibility for cancellation of removal, is triggered "when the alien receives all required information, whether in one document or more." 952 F.3d at 241.

The Supreme Court recently rejected this rule, holding that the stop-time rule is only triggered by the receipt of a single NTA that contains all the statutorily required information. *Niz-Chavez v. Garland*, 141 S. Ct. 1474, 1485–86 (2021). In light of this pronouncement, the Supreme Court granted the petition for a writ of certiorari, vacated our decision, and remanded the case for further consideration in light of *Niz-Chavez. Olvera*, 141 S. Ct. at 2591.

We subsequently re-visited Yanez-Pena's petition, granting it, vacating the BIA's decision, and remanding the matter to the BIA for further proceedings. *Yanez-Pena v. Garland*, No. 19-60464, 2022 WL 1517045, at *1 (5th Cir. May 13, 2022). We now do the same with Rico Olvera's petition.

The petition for review is GRANTED, the BIA's decision is VACATED, and the case is REMANDED to the BIA for further proceedings consistent with this opinion.